**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

YOEL FELIX SENUAN,

    Petitioner,

    v.                                       Case No. 2:26-cv-02342-BCL-tmp

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

    Respondent.

---

### ORDER DENYING MOTION TO ALTER JUDGMENT
---

Petitioner Yoel Felix Senuan has filed a Motion to Alter or Amend Judgment under Fed. R. Civ. Pro. 59(e) by which he asks this Court to revisit the denial of his pro se habeas petition. Doc. 11. Petitioner's Motion to Alter or Amend Judgment (Doc. 11) is **DENIED** for the reasons that follow.

Petitioner expresses broad disagreement with the Court's decisions concerning exhaustion, the "Entry Fiction," and the Court's reliance on out-of-circuit precedent in resolving his claims. Petitioner presents one argument that befits a Rule 59 Motion: He claims that the Court's conclusion that he failed to exhaust his remedies before the Immigration Judge and Board of Immigration Appeals is inconsistent with its holding that the governing statutes foreclose Petitioner from receiving bond. While this is a *sort* of argument fitting a Rule 59 motion insofar as it addresses a purported error injected by the Court's decision, the argument fails because the two holdings plainly were parallel and thus not inconsistent: The Court accepted the merit of

1

Petitioner's position in concluding he failed to exhaust, before then rejecting Petitioner's position on the merits on the assumption exhaustion is not required.

Petitioner's remaining arguments simply seek to rehash the Court's rejection of his claims on the merits.[1] But motions under Rule 59 are not the place to rehash arguments that Plaintiff has already made in his petition and accompanying memorandum of law, and which already have been rejected. *See Hawkins v. Tenn. Bd. of Prob. & Paroles*, No. 07–2326–B/P, 2008 WL 313453, at *1 (W.D. Tenn. Feb. 1, 2008) ("The Rule 59(e) motion may not be used to relitigate old matters."); *Livonia Pub. Schs. v. Selective Ins. Co. of the Se.*, 611 F. Supp. 3d 426, 435 (E.D. Mich. 2020) ("Rule 60(b) may not be used to relitigate the case."). The proper avenue for rearguing issues is appeal, *see Keweenaw Bay Indian Cmty. v. Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), and indeed some of the issues raised by Petitioner's petition are already pending before the Sixth Circuit in *Lopez Campos v. Raycraft,* No. 25-1965, which was argued on March 18. (Petitioner of course remains free to file his own notice of appeal, assuming he does so in compliance with governing statutes and rules.). And, to the extent Petitioner intended his Motion to Alter or Amend Judgment to advance new arguments that he did not include in his Petition, doing so likewise provides no basis for relief under Rule 59(e). *See, e.g.*, *McBride v. Skipper,* 76 F.4th 509, 518 (6th Cir. 2023) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." (quotation marks and citation omitted)).

---

[1] Petitioner's most developed argument is that the Court's denial of his position is inconsistent with the Sixth Circuit's decision in *Ly v. Hansen*, 351 F.3d 263 (2003). But, in a case Petitioner does not cite, the Sixth Circuit has explained that *Ly* improperly "collapsed" the "constitutional distinction between pre- and post-removal order detention," *Hamma v. Adducci*, 946 F.3d 875, 879 (6th Cir. 2020). As the Sixth Circuit explained, "*Ly* did not survive *Jennings* [*v. Rodriguez*, 583 U.S. 281 (2018)]," which rejected "an implicit six-month limitation on detention[,] strongly suggest[ing] that detention would have to go on for some time before due process concerns begin to emerge" (assuming there exist due process limits on the length of detention pending removal proceedings). *Brito-Goncalvez v. Field Office Director, Detroit Field Office*, 2026 WL 1077448, *3 (S.D. Ohio 2026). Roughly three months' detention does not fall on the unconstitutional side of the line, assuming a constitutional line exists.

Petitioner, having filed a Section 2241 petition, clearly disagrees with this Court's resolution of the claims asserted therein. But Petitioner's arguments do not provide a basis for relief under Rule 59(e) and they do not persuade the Court that its Order denying the petition rests on error.  Petitioner's remedy, if any, is with the Sixth Circuit, which will soon resolve some of the issues raised by Petitioner's claims.  Petitioner's Motion is **DENIED**.

**IT IS SO ORDERED**, this 30th day of April, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE